The opinion below is hereby signed. Dated: February 6, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GOLD & APPEL TRANSFER S.A., | ) | Case No. 05-00775 |
| | ) | (In a case brought under |
| Debtor. | ) | 11 U.S.C. § 304.) |

## OPINION REGARDING MOTION FOR ORDER ON ATTORNEY-CLIENT PRIVILEGE

Before the court is the Motion of Meade Malone, Official Liquidator for Gold & Appel Transfer S.A., for Order on Attorney-Client Privilege (D.E. No. 40, filed January 5, 2006), in which Meade Malone, the Official Liquidator for Gold & Appel Transfer S.A. ("Gold & Appel"), seeks an order declaring that he controls the attorney-client privilege of Gold & Appel, the debtor in a foreign proceeding who has filed an ancillary case in this case pursuant to 11 U.S.C. § 304. The control sought by Malone would allow him to waive Gold & Appel's attorney-client privilege at his discretion.

Gold & Appel has filed an objection to Malone's motion (D.E. No. 46, filed January 17, 2006). Hwan Kim has also filed a limited objection to the motion (D.E. No. 42, filed January 17,

2006). Having reviewed Malone's motion as well as the objection and the limited objection filed by Gold & Appel and Mr. Kim, the court will overrule the objections to the motion and approve the motion.

I

"Because the attorney-client privilege is controlled, outside of bankruptcy, by a corporation's management, the actor whose duties most closely resemble those of management should control the privilege in an insolvency proceeding, unless such a result interferes with the policies underlying the bankruptcy laws." CFTC v. Weintraub, 471 U.S. 343, 351-52 (1985). Ordinarily, that "actor" is the bankruptcy trustee. See id. at 352-56; see also United States v. Campbell, 73 F.3d 44, 47 (5th Cir. 1996) (granting chapter 7 trustee control over attorney-client privilege of debtor limited partnership).[1] The trustee's "wide-ranging management authority over the debtor," id. at 353, coupled with the fact that a bankruptcy corporation's pre-petition management "retain[s] virtually no management powers," id., makes the trustee the entity "most closely analogous to that of a solvent corporation's management." Id.

Malone is not a bankruptcy trustee per se; rather, he is the "Official Liquidator" of Gold & Appel in the company's

---

[1] Accord In re ANR Advance Transp. Co., Inc., 288 B.R. 208, 210-11 (Bankr. E.D. Wis. 2002); In re Fidelity Guarantee Mortgage., 150 B.R. 864, 867-68 (Bankr. E.D. Mass. 1993).

2

involuntary insolvency proceeding in the British Virgin Islands. But like a trustee, Malone "is 'accountable for all property received,'" id. at 352 (quoting 11 U.S.C. §§ 704(2) & 1106(a)(1)), "is directed to investigate the debtor's financial affairs," id., "is empowered to sue officers, directors, and other insiders," id., and "has the power to 'operate the debtor's business' . . . for a limited period of time," id. (quoting 11 U.S.C. § 1108), in the course of which he "'may enter into transactions, including the sale or lease of property of the estate' without court approval." Id. (quoting 11 U.S.C. § 363(c)(1)). Indeed, Malone's powers exceed those of an ordinary trustee, as he is authorized to obtain credit for Gold & Appel without prior court authorization.

There is (understandably) scant case law addressing the status of official liquidators appointed in foreign bankruptcy proceedings with respect to a corporation's attorney-client privilege in the United States. Nevertheless, the same principles that have led courts to vest bankruptcy trustees with control over a debtor corporation's attorney-client privilege apply to a trustee's foreign counterpart, especially where that counterpart wields the same amount of "management authority" (if not more) over the insolvent company as a trustee. The court concludes that Malone should have control over Gold & Appel's attorney-client privilege, including the ability to waive the

3

privilege.

II

Neither Gold & Appel nor Mr. Kim object to Malone's assertion of control over Gold & Appel's attorney-client privilege.  Instead, both parties object to the scope of the proposed order submitted by Malone, which would order

> that Meade Malone, Official Liquidator for Gold & Appel Transfer S.A., controls the attorney-client privilege of Gold & Appel Transfer S.A., has the authority to assert or waive such privilege[,] and controls access to Gold and Appel Transfer S.A.'s records, documents, correspondence, communications with any counsel or in the possession, custody or control of such counsel.

(Malone Proposed Order at 2).

Mr. Kim requests that the court amend the language of the order to clarify that the order makes no determination as to whether the attorneys listed as possible counsel in Malone's motion are or were in fact counsel to Gold & Appel (Kim Obj. at 2).  Gold & Appel requests that the court "modify the order to protect any matters and/or communications which are privileged and which are jointly held by Mr. Anderson and Gold & Appel . . . ." (G & A Obj. at 2).  The court sees no reason to grant either request at this time.

With respect to Mr. Kim's request, the court sees no virtue in incorporating excess prophylaxis into an order that in no way could be construed in the manner Mr. Kim evidently fears.  An

order granting Malone the right to waive Gold & Appel's attorney-client privilege will not predispose this court one way or the other with respect to specific discovery disputes.  The order to be entered by the court does not address whether certain persons are or were counsel to Gold & Appel because that issue is not ripe for review.

Like Mr. Kim's request, the objection raised by Gold & Appel has little to do with the actual motion before the court.  Malone seeks control only over the attorney-client privilege of Gold & Appel.  To the extent that counsel for Gold & Appel engaged in privileged communications with Gold & Appel's principal Walter Anderson specific to Mr. Anderson and unrelated to the general matters of Gold & Appel, those communications do not fall within the attorney-client privilege of Gold & Appel, but rather are considered communications subject to a separate privilege between counsel and Mr. Anderson.  See In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 120 F.2d 120, 123-25 (3d Cir. 1986) (recognizing separate privilege for corporate officer who consults corporate counsel for advice unrelated to corporate matters); accord In re Grand Jury Subpoena, 274 F.3d 563, 571-72 (1st Cir. 2001); In re Grand Jury Proceedings, 156 F.3d 1038, 1040-42 (10th Cir. 1998); United States v. Int'l B'hood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-

CIO, 119 F.3d 210, 214-16 (2d Cir. 1997).[2]

Finally, to the extent that Malone seeks to waive any privilege jointly held by Gold & Appel and Mr. Anderson, he may do so because "a corporation may unilaterally waive the attorney-client privilege with respect to any communications made by a corporate officer in his corporate capacity, notwithstanding the existence of an individual attorney-client relationship between him and the corporation's counsel," In re Grand Jury Subpoena, 274 F.3d at 573, and "communications may be individually privileged only when they 'do not concern matters within the

---

[2] The test adopted by the Bevill court for determining whether a communication between a corporate officer or agent is subject to a privilege separate from that of the corporation's attorney-client privilege, which has been adopted in numerous circuits, is as follows:

> First, [individuals asserting an individual privilege] must show they approached counsel for the purpose of seeking legal advice. Second, they must demonstrate that when they approached counsel they made it clear that they were seeking legal advice in their individual rather than in their representative capacities. Third, they must demonstrate that the counsel saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise. Fourth, they must prove that their conversations with counsel were confidential. And, fifth, they must show that the substance of their conversations with counsel did not concern matters within the company or the general affairs of the company.

In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d at 123 (internal quotation omitted).

6

company or the general affairs of the company,' rather than when they <u>do</u> concern an individual's rights." <u>Id.</u> (quoting <u>In re Bevill, Bresler & Schulman Asset Mgmt. Corp.</u>, 120 F.2d at 123) (all emphasis supplied by the court in <u>In re Grand Jury Subpoena</u>). "Holding otherwise would open the door to a claim of jointly held privilege in virtually every corporate communication with counsel." <u>Id.</u>

### III

For the reasons stated above, the court will enter a separate order granting Malone's request for control over Gold & Appel's attorney-client privilege and overruling the limited objection of Mr. Kim and the objection of Gold & Appel.

[Signed and dated above.]

Copies to: All counsel of record